IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION |
| Plaintiff, ) | No. 11-20111-01-KHV |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| DANA J. HUFF, ) | No. 17-2288-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

On November 29, 2016, Dana Huff filed a pro se Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #120). The government opposes this motion. Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. #142) filed September 11, 2017. For reasons stated below, the Court overrules the motion and denies a certificate of appealability.

### **Factual And Procedural Background**

The Tenth Circuit Court of Appeals summarized defendant's relevant criminal conduct and procedural history as follows:

> In June 2011, two police officers on a routine patrol in Kansas City, Kansas observed an Isuzu Rodeo stop for a red light at an intersection. The vehicle initially stopped left of the center stripe and in one of the oncoming lanes of traffic before backing up and moving rightward to a correct lane. The officers initiated a traffic stop because of the violation.
>
> The two officers approached on either side of the vehicle. The passenger-side officer, using a flashlight, spotted a handgun underneath the back of the driver's seat as he approached. The officer notified his partner that the individuals in the car – Mr. Huff in the driver's seat and another man in the passenger seat – were armed and dangerous. The officers instructed the men in the vehicle to place their hands on the dash.

The passenger-side officer noticed Mr. Huff move his hands back and forth near the gear shift in a manner suggesting Mr. Huff might try to drive away. The officer opened the passenger door, leaned into the car, and removed the keys from the ignition. While doing this, the officer noticed a second firearm – a rifle – wedged between the man in the passenger seat and the vehicle's center console. The officers directed Mr. Huff and his passenger to exit the vehicle, handcuffed them, and put them in the back of their patrol car.

Mr. Huff was subsequently indicted on one count of being a felon in possession of a firearm, based on both the handgun and the rifle. He was also indicted on one count of possession of an unregistered, short-barreled rifle.

At trial, Mr. Huff, acting pro se, sought to suppress evidence of the two firearms the officers found in his vehicle. Mr. Huff argued the officers lacked reasonable suspicion of criminal activity when searching his vehicle, and that they unlawfully arrested him without a warrant and without probable cause to believe he had committed a crime.

After a suppression hearing, the court held the initial stop to be lawful based on Mr. Huff's traffic infraction. The court also held that the officer who leaned into the vehicle to remove the keys from the ignition acted lawfully. However, the court granted the motion to suppress evidence of both firearms because, at the time of the arrest the officers had found no evidence of any legal violation. Specifically, the court found the officers had not questioned the two individuals about the firearms before they were arrested, and the government produced no evidence that the officers knew then of Mr. Huff's past felony conviction or the rifle's unregistered status. The government cited no evidence of probable cause to initiate an arrest, and, so far as the court could determine, the arrest took place merely for officer safety concerns and to secure the scene.

Two days after the district court issued its decision, the government filed a motion to reconsider the suppression of evidence of the two firearms. The government said it had failed to specifically identify the ordinance Mr. Huff violated during argument on the motion to suppress. The government's motion for reconsideration stated that the pistol – spotted in plain view in the vehicle by one of the officers – demonstrated that Mr. Huff had violated Kansas City, Kansas Municipal Ordinance § 22-177(a)(5), which provides that "[t]ransporting any pistol, revolver, or other firearm which is not unloaded and encased in a container which completely enclosed the firearm" constitutes unlawful use of a weapon.

The court granted the government's motion for reconsideration and, in light of the newly presented ordinance, found that the officers had probable cause for the arrest. A jury ultimately found Mr. Huff guilty of being a felon in possession of a firearm, based on the rifle but not the pistol, and not guilty of being a felon in

-2-

possession of an unregistered short-barreled rifle.

United States v. Huff, 782 F.3d 1221, 1222-23 (10th Cir. 2015). The Court sentenced defendant to 40 months in prison followed by three years of supervised release. Judgment In A Criminal Case (Doc. #90) filed August 22, 2013 at 2-3. Defendant appealed the jury verdict, final judgment and all adverse rulings by the Court. Notice Of Appeal (Doc. #92) filed August 8, 2013. In particular, defendant argued that the Court erred when it (1) reconsidered its ruling on his motion to suppress and (2) overruled his motion to suppress. Huff, 782 F.3d at 1224-26. The Tenth Circuit affirmed. Id.

On June 9, 2016, the Federal Public Defender filed a Section 2255 motion on defendant's behalf based on Johnson v. United States, 135 S. Ct. 2551 (2015). Motion To Vacate Sentence (Doc. #112) filed June 9, 2016. The Court dismissed this motion because the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), foreclosed defendant's claim. Order (Doc. #123) filed May 17, 2017; see Government's Motion To Dismiss (Doc. #122) filed May 10, 2017.

On November 29, 2016, defendant filed a pro se Section 2255 motion.[1] Motion To Vacate (Doc. #120). Defendant asserts that the Court violated the Federal Rules of Criminal Procedure by considering the government's motion to reconsider his motion to suppress (Claim 1) and erred when it allowed the jury to consider evidence obtained through an unlawful search and arrest (Claim 2). Petitioner's Memorandum And Brief Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or

---

[1] Defendant failed to file his memorandum and brief in support of his motion to the Section 2255 motion which he filed on November 29, 2016. See Doc. #120. On June 29, 2017, the Court ordered that defendant file a memorandum in support of his motion by July 21, 2017. Order (Doc. #138) filed June 29, 2017. On July 13, 2017, defendant filed a memorandum in support of the motion. Petitioner's Memorandum And Brief Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. #139).

Correct Sentence (Doc. #139) at 2-4, 6-8. He also claims that the government engaged in prosecutorial misconduct because it knowingly offered false testimony (Claim 3). Id. at 4-6.

## Analysis

The Court applies a stringent standard of review when analyzing Section 2255 petitions. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

### I.     Judicial Errors (Claims 1 and 2)

Defendant asserts that the Court erred when it considered the government's motion to reconsider, which allegedly asserted "new arguments" without showing good cause for failure to raise those arguments in its initial briefing. Memorandum (Doc. #139) at 2-4. In particular, defendant argues that the motion to reconsider violated Rules 12(b)(3)(c), 12(c)(3), 12(e) and 12(f), Fed. R. Crim. P. Id. Additionally, he argues that the Court erred when it denied his motion to suppress evidence obtained through an illegal search and arrest. Id. at 6-8. Specifically, he argues that by reaching into his vehicle to remove the keys from the ignition, the police officer conducted an illegal search and that officers did not have probable cause to place him under arrest. Id.

The government argues that defendant cannot assert these claims in a Section 2255 motion because he raised them on direct appeal. Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Doc. #142) filed September 11, 2017 at 5. Generally, courts do not entertain Section 2255 claims that have already been rejected on direct review. See Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a

collateral attack by motion pursuant to [Section] 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

As stated, defendant appealed "all adverse rulings by the Court" to the Tenth Circuit. Notice Of Appeal (Doc. #92). He raised two primary grounds for relief on appeal: (1) the Court abused its discretion by reconsidering his motion to suppress and (2) the Court erred in denying his motion to suppress because the government had obtained the evidence through an illegal search and arrest. Huff, 782 F.3d at 1224-26; Appellant's Opening Brief, 2014 WL 1287014 at *12-19. The Tenth Circuit held that the Court did not abuse its discretion by reconsidering its ruling on defendant's motion to suppress and further held that the search and arrest were lawful. Huff, 782 F.3d at 1225-26. Defendant attempts to distinguish his current claims from those raised on appeal by stating that he now "brings these issues before the district court to prevent a manifest injustice." Petitioner's Reply To Government's Response Motion To Petitioner's Motion To Vacate Under 28 U.S.C. Section 2255 (Doc. #146) filed November 20, 2017 at 2. Defendant fails to materially distinguish Claims 1 and 2 from the substantive legal issues which the Tenth Circuit adjudicated on direct appeal. Thus, the Court finds that Claims 1 and 2 of defendant's Section 2255 motion attempt to re-litigate issues raised on direct appeal.

Defendant asserts that the Court should rule on Claims 1 and 2 because Tenth Circuit law concerning when a district court may reconsider an order has changed since his direct appeal. See id. at 2-6. Defendant fails to cite a case which addresses what constitutes an abuse of discretion when granting a motion to reconsider and relies on inapposite cases. See id. (citing United States v. Verner, 659 F. App'x 461 (10th Cir. 2016) (court not obligated to grant reconsideration based on new legal argument); Lebahn v. Owens, 813 F.3d 1300 (10th Cir. 2016) (reconsideration denied for

untimeliness); United States v. Elliot, 684 F. App'x 685 (10th Cir. 2017) (argument waived on appeal); United States v. Sharder, 665 F. App'x 642 (10th Cir. 2016) (argument waived on appeal); United States v. Franco, 632 F. App'x 961 (10th Cir. 2015) (argument waived on appeal)). Because defendant fails to establish that the law of the circuit has changed and attempts to re-litigate claims raised and disposed of on direct appeal, he cannot assert these grounds for relief in a Section 2255 motion.[2] Accordingly, the Court denies relief on these grounds.

## II.  **Prosecutorial Misconduct (Claim 3)**

Defendant argues that the government engaged in prosecutorial misconduct by knowingly offering false testimony. Memorandum (Doc. #139) at 4-6. In particular, he alleges that an arresting officer originally testified that he asked for defendant's name and identified him as a felon before placing him under arrest. Id. at 5. The officer later testified that he arrested defendant before learning his identity because he had probable cause based on a municipal ordinance that prohibited the transportation of loaded firearms outside an enclosed container. Id.

The government argues that defendant may not seek relief on this ground because he should have raised it on direct appeal. Government's Response (Doc. #142) at 5-7. Defendant may not use Section 2255 motions to test the legality of matters which should have been raised on appeal. United v. States v. Bolden, 472 F.3d 750, 751-52 (10th Cir. 2006). Section 2255 precludes defendant from raising issues not addressed in his direct appeal, unless he can show (1) cause and

---

[2]  Defendant asserts that the municipal ordinance which gave the officers probable cause to arrest no longer exists. Memorandum (Doc. #139) at 7; see Kansas City, Kansas Municipal Ordinance § 22-177(a)(5) (prohibiting transportation of loaded firearms outside of enclosed container). This does not affect the Court's ruling that the officer had probable cause to arrest defendant at the time of the traffic stop – while the ordinance remained in effect. Further, changes in municipal codes do not constitute a change in Tenth Circuit law.

-6-

actual prejudice resulting from the alleged errors or that (2) a fundamental miscarriage of justice will occur if the claims are not addressed. Bousley v. United States, 523 U.S. 614, 622 (1998). To establish cause, defendant must "show some external objective factor – such as governmental interference, unavailability of the relevant factual or legal basis or ineffective assistance of counsel – prevented [him] from raising the issue on direct appeal." United States v. Torres-Laranega, 473 F. App'x 839, 842 (10th Cir. 2012). Alternatively, defendant can establish a fundamental miscarriage justice by showing actual innocence. Id.

In his reply, defendant attempts to establish cause by asserting that appellate counsel provided ineffective assistance in failing to raise certain arguments on appeal. Petitioner's Reply (Doc. #146) at 2. Defendant fails to argue or establish that counsel performed deficiently or that his actions resulted in prejudice. Id.; see Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). In particular, defendant does not establish that counsel failed to raise a "dead-bang winner." United States v. Challoner, 583 F.3d 745, 749 (10th Cir. 2009) (citation and quotation omitted) (omission of argument that is dead-bang winner by counsel on appeal deficient). Thus, he does not establish ineffective assistance of counsel.[3] The Court finds that his claim is procedurally barred.

Even if the Court assumes that defendant can somehow excuse the procedural default, his claim fails on its merits. Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of so infected proceedings with unfairness as to make defendant's conviction

---

[3] On November 27, 2017, defendant filed a supplement to his reply which asserts a new claim based solely on ineffective assistance in failing to raise issues on appeal. Supplement To Reply (Doc. #147) at 1. Because defendant raises this claim for the first time in his reply brief, the Court does not need to consider his free-standing ineffective assistance claim. Plotner v. AT&T Corp., 224 F.3d 1161, 1175 (10th Cir. 2000). Further, for the foregoing reasons, his claim lacks merit.

a denial of due process. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also United States v. Anaya, 727 F.3d 1043, 1052 (10th Cir. 2013). Thus, defendant must prove that the government knowingly used false testimony which reasonably affected the judgment. Romano v. Gibson, 239 F.3d 1156 (10th Cir. 2001) (reasonable likelihood that knowing use of false evidence affected judgment violates defendant's due process rights). Defendant fails to support his allegation that the government knew the arresting officer offered false testimony. In fact, defendant does not assert that the arresting officer offered false testimony at trial. Memorandum (Doc. #139) at 4-6. He claims that the officer offered inconsistent statements at motion hearings and at trial. Id. at 6. At trial, defendant had the opportunity to cross-examine the officer about inconsistent statements and impeach his credibility as a witness. [Transcript of] Jury Trial (Doc. #101) filed December 9, 2013 at 95-114. Thus, defendant fails to demonstrate that the officer provided false testimony or a reasonable likelihood that his testimony affected the judgment. The Court denies relief on this ground.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23

(10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #120) filed November 29, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 5th day of December, 2017 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        Kathryn H. Vratil
                                        United States District Judge

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).